IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY R. HOFF, | : | Civil No. 1:22-CV-02064 |
| Petitioner, | : | |
| v. | : | |
| WARDEN J.E. KRUEGER, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Petitioner Terry R. Hoff ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") failure to apply his earned time credits to his term of supervised release. (Doc. 1.) For the reasons set forth below, the court will dismiss the petition.

### PROCEDURAL HISTORY

Petitioner is currently serving a 48-month term of supervised release following his December 23, 2022 release from BOP custody. He initiated this habeas corpus action under 28 U.S.C. § 2241 in December of 2023 alleging that the BOP is refusing to apply 365 days of his earned time credits to his 48-month term of supervised release. (Doc. 1.) On December 29, 2023, the court entered an order instructing Petitioner to pay the statutorily required filing fee or file a motion to proceed *in forma pauperis* within thirty-days. (Doc. 4.) On February 7, 2023,

1

after Petitioner failed to pay the filing fee or file a motion to proceed *in forma pauperis*, the court dismissed the case. (Doc. 5.)

On February 13, 2023, the court received the filing fee and a letter from Petitioner requesting that the case be reopened. (Doc. 6.) On March 8, 2023, the court reopened the case and entered an order to show cause and to serve Respondent. (Docs. 7, 8.) Respondent filed a suggestion of mootness on March 16, 2023, which appeared to characterize the petition as a request that the 365 days of earned time credit be applied to Petitioner's term of incarceration, and did not discuss the issue of applying the earned time credits to his term of supervised release. (Doc. 9.) Petitioner filed his traverse on March 29, 2023, highlighting Respondent's misstatement of the issue he actually raised in his petition. (Doc. 10.) The petition is now ripe and will be addressed by the court.

## DISCUSSION

The First Step Act ("FSA") allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or early transfer to supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). Specifically, the statute states the following:

> Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in prerelease custody or supervised release. The Director of the Bureau of Prisons shall transfer eligible prisoners,

as determined under section 3624(g), into prerelease custody or supervised release.

18 U.S.C. § 3632(d)(4)(C).  While the initial sentence of this provision, if read in isolation, appears to support Petitioner's request that his term of supervised release be reduced, reading it in context demonstrates that the earned time credits are to be "applied toward time in . . . supervised release" meaning an earlier transfer from custody into ". . . supervised release," and not Petitioner's interpretation that his term of supervised release be reduced.  *See Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *1 (3d Cir. July 17, 2023) ("Under the [First Step Act] certain inmates may earn time credits to be applied toward pre-release custody or *early transfer to* supervised release." (*emphasis added*)).  This is made clearer in other provisions of the First Step Act:

> **Supervised release.**--If the sentencing court included as a part of the prisoner's sentence a requirement that the prisoner be placed on a term of supervised release after imprisonment pursuant to section 3583, the Director of the Bureau of Prisons may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632.

18 U.S.C. § 3624(g)(3).  Therefore, the petition will be dismissed.

In the event that Petitioner is asserting that he was in custody longer than he should have been, and is now seeking that his term of supervised release be reduced for the term of excessive prison time, this court cannot "grant him further relief under § 2241 because the supervised release statute, 18 U.S.C. § 3624, does

not permit a court to credit a supervised release term with a period of excess prison time." *Goldblatt v. Ortiz*, No. 20-19987, 2022 WL 1639007, at *2 (D.N.J. May 24, 2022) (citing *United States v. Johnson*, 529 U.S. 53 (2000)); *see Murphy v. Sage*, No. 1:22-cv-0630, 2023 WL 1453153, at *3 n.3 (M.D. Pa. Feb. 1, 2023); *see also DeFoy v. McCullough*, 393 F.3d 439, 442 n.3 (3d Cir. 2005) ("[T]he length of a term of supervised release cannot be reduced by reason of excess time served in prison." (internal quotation marks omitted)).

    The Supreme Court emphasized that "supervised release commences on the day the person is released from imprisonment" and that a "term of supervised release does not run during any period in which the person is imprisoned."[1] *Johnson*, 529 U.S. at 56–57 (quoting 18 U.S.C. § 3624(e)).  As a result, excess time in prison does not count toward an individual's term of supervised release. *Id.*  Further, the Supreme Court reasoned that the "objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release.  Congress intended supervised release to assist individuals in their transition to community life.  Supervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59.  Consequently, Petitioner's

---

[1] The Supreme Court qualified, except for when "the imprisonment is for a period of less than 30 consecutive days." *Johnson*, 529 U.S. at 57.

time spent incarcerated is not interchangeable with time under supervised release. *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir. 2009).

Additionally, if Petitioner now wishes to argue that the court can directly reduce his term of supervised release, then Petitioner is asking the wrong court. Generally, a prisoner may seek modification of his sentence by filing a motion to reduce sentence before his sentencing court. *See* 18 U.S.C. §§ 3583(e)(2), 3624. Petitioner's sentencing court is the District of Wyoming, not the Middle District of Pennsylvania. (Doc. 1.)

## CONCLUSION

Accordingly, there is no path to achieve the relief Petitioner seeks in this court. Therefore, the court will dismiss the petition. An appropriate order follows.

> s/Jennifer P. Wilson
> JENNIFER P. WILSON
> United States District Judge
> Middle District of Pennsylvania

Dated: September 27, 2023